601 P.2d 1356

NORMAN S. WRIGHT & CO., S. W., a
corporation, Plaintiff-Appellee,

v.

UNITED STATES FIDELITY & GUAR-
ANTY COMPANY, a corporation,
Defendant-Appellant.

No. 1 CA–CIV 4185.

Court of Appeals of Arizona,
Division 1,
Department C.

Oct. 5, 1979.

Rehearing Denied Oct. 5, 1979.

Review Denied Oct. 23, 1979.

Marks, Shea & Wilks by Richard B. Wilks
and James H. Patterson, Phoenix, for plain-
tiff-appellee.

Moore & Romley by Curtis A. Jennings
and Jack R. Cunningham, Phoenix, for de-
fendant-appellant.

OPINION

HAIRE, Presiding Judge.

The appellant, United States Fidelity &
Guaranty Company, was the surety on five
bonds relating to five different contracting
licenses issued by the registrar of contrac-
tors to a contractor. Arizona York Refrig-
eration Company.[1] Appellee had supplied
the contractor with materials to be used on
an air conditioning contract being per-
formed by the contractor pursuant to the
contractor's C–39 (Air Conditioning) and
C–58 (Warm-air Heating, Ventilating) li-
censes. When the contractor encountered
financial difficulties, appellee sought recov-
ery against the surety, not only pursuant to
the bonds supporting the above-mentioned
C–39 and C–58 licenses, but also against the
bonds supporting the contractor's Class B
(General Construction, Heavy Building) and
C–45 (General Sheet Metal) licenses. It
was uncontroverted that during the times
pertinent the contractor had not performed
any contract or done any work pursuant to
its Class B and C–45 licenses. Likewise, it
was uncontroverted that the work for
which the materials were furnished by ap-
pellee fell completely within the contrac-
tor's C–39 and C–58 licenses.

Since there were no controverted materi-
al facts, both parties moved for summary
judgment. The trial judge entered judg-
ment against the surety for the full amount
of the bonds supporting the Class B and
C–45 licenses, and the surety has appealed
from that judgment.

1. The license classifications and the bond
amounts were as follows:

| License Classification | Amount |
| --- | --- |
| 1. C–39 Air Conditioning | $ 7,500.00 |
| 2. C–4 Boilers, Steamfitting and Processed Piping | 1,000.00 |
| 3. C–58 Warm-air Heating, Ventilating, Evaporative Cooling | $7,500.00 |
| 4. B–General Building, Heavy Construction | 3,000.00 |
| 5. C–45 General Sheet Metal | 1,000.00 |

The basis for the trial court's ruling is set forth in paragraph 1 of the judgment:

"1. That the conditions stated in the Class B and C–45 license bonds here in question do not limit the surety's liability under those bonds to actions arising out of the principal's failure to perform contracts or pay for labor or material supplied pursuant to the particular license for which the bond was issued. Rather, said bonds render the surety liable to any person who is damaged by the failure of the principal to perform a construction contract, or to any person furnishing labor or materials to the principal to be used in the direct performance of a construction contract, regardless of whether or not said contract is undertaken pursuant to the license for which the bond was issued;"

This legal conclusion is apparently based on the language of A.R.S. § 32–1152D which provides that the bond required in support of a contracting license "shall be subject to claims . . . by any person furnishing . . . materials . . . *used in the direct performance of a construction contract.*" (Emphasis added).[2]

We hold that the trial court erred. In *Watson v. Welton,* 115 Ariz. 76, 563 P.2d 331 (App.1977), this Court analyzed the licensing and bonding scheme contemplated by A.R.S. § 32–1152 and concluded that in multiple-licensing situations, the surety's liability on the supporting bonds was limited to the contractor's failure to perform a contract under the license for which the bond was issued. While the facts in *Watson* are distinguishable, the legal analysis is not. Here each bond clearly identified the license and contracting classification for which it was issued. Those for whose benefit bonds were required in connection with the contractor's C–39 (Air Conditioning) and C–58 (Warm-air Heating, Ventilation) contracts received the full benefit of those bonds.[3] Given the statutory scheme evidenced by § 32–1152's requirement of sepa-

rate bonds in varying amounts depending upon the contracting classifications involved, we cannot construe the statutory language relied upon by appellee as evidencing a legislative intent to extend a bond's coverage to contracting classifications and work performed pursuant thereto clearly separate and apart from that for which the bond was issued. We realize that under certain fact situations there may be overlapping classifications and therefore arguably coverage under the various bonds supporting the overlapping licenses pursuant to which the work was done. However, such a situation was not presented to the court here. Under the uncontroverted facts, no materials were supplied and no work was done under the licenses supported by the bonds here in question.

The judgment is reversed, and the matter remanded for entry of judgment in favor of appellant.

EUBANK and FROEB, JJ., concurring.

---

2. The pertinent terms of each of the bonds are substantially identical to the above-quoted statutory language.

3. The full penal sum of the C–39 and C–58 bonds have been paid by the surety.